PER CURIAM.
Appellants, K.S. and R.G., are the natural mother and putative father of the minor child, A.S.[1] They appeal from a nonfi-nal order granting temporary custody to Appellees, the minor child’s maternal grandparents. The case was initiated by Appellees when they filed a petition for temporary custody by extended family pursuant to section 751.02, Florida Statutes. The factual and procedural history of the ease is tortured, and our record seems to be incomplete. Although proceedings , involving the minor child were also initiated in Tennessee, the Florida and Tennessee courts have conferred pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act[2] and determined that jurisdiction lies in Florida.
We recognize that the trial judge was faced with the difficult task of protecting a very young child. However, section 751.04 entitles the parents of the minor child to notice, and section 751.05 contemplates an evidentiary hearing on the petition.[3] Accordingly, we remand the case to the lower court for proceedings consistent with this opinion.
REVERSED and REMANDED.
EVANDER, COHEN and WALLIS, JJ., concur.

. It appears that no legal determination as to R.G.'s paternity status has been made.

. See generally §§ 61.501-.542, Fla. Stat. (2013).

. Section 751.04, Florida Statutes, states: "Before a decree is made under this chapter, reasonable notice and opportunity to be heard must be given to the parents of the minor child by service of process, either personal or constructive.” Section 751.05(1) provides: "At the hearing on the petition for temporary or concurrent custody, the court must hear the evidence concerning a minor child's need for care by the petitioner, all other matters required to be set forth in the petition, and the objections or other testimony of the child's parents, if present.” (Emphasis added).